IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMCE ELECTRICAL, MECHANICAL      :      CIVIL ACTION
& CONSTRUCTION COMPANY, INC.     :
                                 :
         v.                      :
                                 :
LENNOX APARTMENTS, INC., et al. :      NO. 07-2146

MEMORANDUM

Bartle, C.J.                                    December 3, 2007

        Plaintiff EMCE Electrical, Mechanical & Construction
Company, Inc. ("EMCE") initially sued defendants Lennox
Apartments, Inc. ("Lennox") and Chancellor Properties, Inc.
("Chancellor") in this diversity action for breach of contract.
EMCE alleges that defendants had not fully paid it for electrical
work it had performed at two properties owned by the defendants.
In its amended complaint, EMCE has added claims for unjust
enrichment and quantum meruit with respect to one of the
properties.  Now before the court are the motions of defendants
for summary judgment with respect to the breach of contract
claims.[1]

        Summary judgment is appropriate only where there is no
genuine issue of material fact, and the moving party is entitled
to judgment as a matter of law.  Celotex Corp. v. Catrett, 477

---

1.  It appears that Lennox and Chancellor have common ownership
and were sued for that reason.  The role of Chancellor in the
instant matter is unclear.  However, no party argues that Lennox
and Chancellor should be treated separately.

U.S. 317, 323 (1986); <u>see</u> Fed. R. Civ. P. 56(c).  A dispute is
genuine if the evidence is such that a reasonable jury could
return a verdict for the non-moving party.  <u>Anderson v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 254 (1986).  After reviewing the
evidence, the court makes all reasonable inferences from the
evidence in the light most favorable to the non-movant.  <u>In re</u>
<u>Flat Glass Antitrust Litig.</u>, 385 F.3d 350, 357 (3d Cir. 2004).

        For present purposes, the following facts are not in
dispute.  In early 2003, EMCE, through its owner/operator, Edward
Rost ("Rost"), entered into an oral contract with Lennox through
Eileen Haneiko ("Haneiko"), a Lennox employee who was authorized
to enter into such a contract.  The parties agreed that EMCE was
to perform electrical work at a Lennox condominium located at
248-254 South 13th Street, Philadelphia and to be paid on a time
and materials basis.  Although this work was completed on
December 22, 2005, EMCE has not been paid and contends that
defendants owe a balance of $93,133.37 based on the oral
contract.  Alternatively, EMCE now seeks to recover this amount
under the theories of unjust enrichment or quantum meruit.  In
the spring of 2005, EMCE and Lennox entered into another oral
contract for electrical work, this time at a Lennox condominium
located at 1305 Spruce Street, Philadelphia.  They agreed to a
price of $350,000 for the work.  Before the filing of the instant
matter, defendants paid EMCE $240,000 for this project.  EMCE now
seeks the remaining $110,000 due under the contract.

According to Rost's deposition testimony, Haneiko instructed him not to obtain the required electrical permits from the City of Philadelphia ("City") for his work at either of the properties at issue.  Rost has been a licensed electrician for at least seventeen years and has been licensed in the City for approximately ten years.  He was aware that permits were required as a precondition for the type of work he was doing at the two properties.  Nonetheless, he agreed not to obtain the permits in violation of the Philadelphia Administrative Code ("Administrative Code").  Administrative Code § A-101, I *et seq.* Rost also knew he was obliged by the Philadelphia Electrical Code ("Electrical Code") to arrange to have his work inspected at various times by City inspectors,[2] but he never arranged for those inspections.  Electrical Code § E-101, *et seq.*  Because Rost did not acquire the necessary permits, the City was not on notice of the need to inspect the work being done by EMCE.  Based on this undisputed evidence, defendants now argue that this court must refuse to entertain EMCE's breach of contract claims because EMCE seeks to enforce contracts that were performed illegally.

It has long been established in Pennsylvania that a contract is illegal if either its formation or its performance

---

2.  The Commissioner of Licenses and Inspections of the City of Philadelphia is referred to in the Code as the "code official" and charged with the administration and enforcement of the Electrical Code.  Electrical Code § E-202.  "The code official is authorized to accept a certification from a licensed Electrical Inspection Agency as evidence of compliance with [the] code in lieu of inspections by the code official.  Id. at § E-707.1.1.

violates public policy.  <u>O'Brien v. O'Brien Steel Const. Co.</u>, 271
A.2d 254, 256 (Pa. 1970).  "Public policy is to be ascertained by
reference to the laws and legal precedents and not from general
considerations of supposed public interest."  <u>Pennsylvania Nat'l</u>
<u>Mut. Cas. Co. v. Black</u>, 916 A.2d 569, 578 (Pa. 2007).  Whether a
contract violates public policy is a question of law to be
decided by the court.  <u>Id.</u>

The public policy governing the instant case is set
forth in the Philadelphia Electrical Code, which states that it
is to be applied in conjunction with the Administrative Code.
The Administrative Code makes clear the need for electrical
permits:

> **A-301.1 Permits required**:  An application
> shall be submitted to the department [of
> Licenses and Inspections] for the activities
> listed in Sections A-301.1.1 through A-
> 301.1.5 and these activities shall not
> commence without a permit being issued ...

> **A-301.1.3 Electrical permits**:  An electrical
> permit is required for the installation,
> alteration, replacement or repair of
> electrical and communication wiring and
> equipment within or on any structure or
> premises and for the alteration of any such
> existing installation.

Further, the Electrical and Administrative Codes impose certain
obligations on electrical contractors to arrange for inspection
of work for which a permit is required.  The Electrical Code
states:

> **E-701.1.2 Responsibility**.  It shall be the
> responsibility of the licensed electrical
> contractor to arrange for inspections of
> electrical work. ...  Arrangements for final

-4-

inspections shall be made within five days of
completion of the work.

The Administrative Code reads:

> **A-402.9 Approval required:** Work shall not be
> done beyond the point indicated in each
> successive inspection without first obtaining
> the approval of the code official.  The code
> official, upon notification, shall make the
> requested inspections and shall either
> indicate the portion of the construction that
> is satisfactory as completed, or shall notify
> the permit holder or an agent of the permit
> holder wherein the same fails to comply with
> the code.  Any portions that do not comply
> shall be corrected and such portion shall not
> be covered or concealed until authorized by
> the code official.

Rost, the owner and operator of EMCE, admits that he
performed the electrical work on defendants' properties without
the requisite permits or inspections and that he knew that it was
his responsibility as the electrical contractor to obtain such
permits and arrange for such inspections.  It follows ineluctably
that the contracts between EMCE and Lennox were in violation of
public policy as set forth in the applicable Philadelphia Codes.

Despite the illegality, EMCE argues that it should be
permitted to recover on its claims for breach of contract as a
matter of equity because it was the less culpable of the two
contracting parties.  "Generally, a court will not lend its aid
to the enforcement of an illegal contract, but will leave the
wrongdoers where it finds them."  Holst v. Butler, 108 A.2d 740,
743 (Pa. 1954) (citations omitted).  However, "[w]hen the parties
to a contract against public policy or otherwise illegal are not
in pari delicto, or equally guilty, and when public policy is

considered as advanced by allowing either, or at least the more excusable of the two, to sue, relief may be granted." Peyton v. Margiotti, 156 A.2d 865, 868 (Pa. 1959) (citing *Pennsylvania Law Encyclopedia*, Vol. 8, 109).   EMCE further asserts that it should not be deprived of the amounts due under the bargain when defendants benefited from the work it performed.

Clearly both EMCE and defendants were culpable for the illegal work performed under the electrical contracts at issue. EMCE, however, is no less culpable than the defendants.   The permits and the arrangements for inspections by the City were the responsibility of EMCE, the electrical contractor, under the Codes.   The purpose of the permits and inspections was to insure the quality and safety of plaintiff's electrical work for the protection of those occupying or otherwise present in the buildings in question.   The knowing failure of EMCE and Rost, an experienced licensed electrical contractor, to comply with the Philadelphia Administrative and Electrical Codes put the public in jeopardy.   See Payten v. Margiotti, 156 A.2d 865 (Pa. 1959). The court will not lend aid to EMCE by enforcing the contracts under the present circumstances but will instead leave the parties where it finds them with respect to EMCE's breach of contract claims.[3]

---

3.  We note defendants' contention that the electrical work as performed was of little or no benefit to them.  They represent that they will now likely have to expend significant sums of money to open walls, floor and ceilings to expose the electrical work for inspection and possibly remediation.

Accordingly, the court will grant the motions of defendants for summary judgment on EMCE's contract claims, set forth in Counts I and II of the amended complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMCE ELECTRICAL, MECHANICAL      :        CIVIL ACTION
& CONSTRUCTION COMPANY, INC.     :
                                 :
          v.                     :
                                 :
LENNOX APARTMENTS, INC., et al. :         NO. 07-2146

ORDER

AND NOW, this 3rd day of December, 2007, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

(1)  the motions of defendants Lennox Apartments, Inc.
and Chancellor Properties, Inc. for summary judgment are granted;
and

(2)  judgment is entered in favor of defendants, Lennox
Apartments, Inc. and Chancellor Properties, Inc., and against
plaintiff EMCE Electrical, Mechanical & Construction Company,
Inc. with respect to plaintiff's contract claims as set forth in
Counts I and II of plaintiff's amended complaint.

BY THE COURT:


                              /s/ Harvey Bartle III
                              _____
                                                    C.J.