```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMCE ELECTRICAL, MECHANICAL    :    CIVIL ACTION
& CONSTRUCTION COMPANY, INC.   :
                               :
          v.                   :
                               :
LENNOX APARTMENTS, INC., et al. :   NO. 07-2146
```

MEMORANDUM

Bartle, C.J.                                            May 27, 2008

      Before the court is the motion of defendants Lennox Apartments, Inc. ("Lennox") and Chancellor Properties, Inc. ("Chancellor") for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on Counts III and IV of the amended complaint of plaintiff EMCE Electrical, Mechanical & Construction Company, Inc. ("EMCE"). There are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

      EMCE has sued in this diversity action to obtain payment for electrical work it performed on two Philadelphia apartment buildings owned by defendants. The presently pending motion pertains to only one of these properties, located at 248-254 S. 13th Street in Philadelphia. While EMCE received payments in the amount of $240,000 for the work on one of the two properties, it contends that it is still owed $93,133.37 for the labor and materials on the 13th Street apartment building. Defendants maintain that nothing further is owed because EMCE performed the work without electrical permits which are required under the Philadelphia Administrative Code and the Philadelphia

Electrical Code.  Administrative Code §§ A-301.1, A-301.1.3; Electrical Code § E-701.1.  Edward Rost, the owner of EMCE and an experienced electrical contractor, concedes that the permits were not obtained although he maintains that a representative of defendants made the decision not to do so.[1]  He also concedes that he was aware that permits were necessary as a precondition for the work.  As a result of the failure to obtain the permits, he knew the City of Philadelphia was not on notice to inspect whatever EMCE completed.

We previously granted defendants' motion for summary judgment on Counts I and II of the amended complaint for breach of contract.  We did so on the ground that the courts will not generally enforce a contract which is either illegal or subject to illegal performance.  EMCE Elec., Mech. & Constr. Co., Inc. v. Lennox Apartments, Civ.A. 07-2146, 2007 WL 4287395 (E.D. Pa., Dec. 3, 2007).  Even if at times a court will grant relief to a party which is less culpable, we concluded that based on the undisputed facts in the record EMCE was not less culpable than defendants.  Peyton v. Margiotti, 156 A.2d 865, 868 (Pa. 1959).

Before we granted summary judgment in favor of defendants on EMCE's contract claims, we allowed EMCE to amend its complaint to add Counts III and IV for unjust enrichment and

---

1. EMCE cites the "Estimate" prepared by plaintiff describing the work to be done and signed by Eileen Haneiko, defendants' agent.  It stated, "Any drawings and or permits that may be required will be obtained and paid for by customer at customers [sic] expense."  EMCE also claims that Haneiko specifically informed Rost that he was not to obtain the permits.

quantum meruit with respect to the 13th Street property. Defendants now move for summary judgment on these claims. EMCE argues that it is not barred from recovery of any money due even if the contracts in issue were illegal or void.

Under applicable Pennsylvania law, unjust enrichment and quantum meruit are synonymous. Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc., 933 A.2d 664, 669 (Pa. Super. 2007). As the Superior Court explained in Schenck v. K.E. David, Ltd., 666 A.2d 327, 328-29 (Pa. Super. 1995), "[w]here unjust enrichment is found, the law implies a contract, referred to as either a *quasi contract* or a contract implied in law, which requires that the defendant pay to plaintiff the value of the benefit conferred. In short, the defendant makes restitution to the plaintiff in *quantum meruit*." Thus, we will treat EMCE's claims in Counts III and IV together.

Unjust enrichment is an equitable doctrine. Id. at 328. He who seeks equity must do equity. Sprague v. Casey, 550 A.2d 184, 188 (Pa. 1988). As such, a party must appear before the court with clean hands in connection with the pending matter. See Salomon Smith Barney, Inc. v. Vockel. 137 F. Supp. 2d 599 (E.D. Pa. 2000); Mudd v. Nosker Lumber, Inc., 662 A.2d 660, 663-64 (Pa. Super. 1995). Defendants argue that EMCE is not entitled to equitable relief because it does not come into court with clean hands.

We agree.  It is undisputed that EMCE's owner is a knowledgeable and experienced electrical contractor.  Even if, as he claims, he did not have the responsibility to obtain the permits or was told by defendants' agent not to obtain them, he knew that the permits were necessary to conduct the electrical work in issue and that they had not been acquired.  Yet, he went forward with the project.  As a result, he knew that the City of Philadelphia was not on notice to inspect what was done at defendants' apartment buildings.  EMCE's conduct put the occupants as well as others in serious jeopardy.  EMCE appears here with unclean hands, and any complicity of defendants in the scheme does not change the result.  See Salomon, 137 F. Supp. 2d at 603.

EMCE counters that in any event it should be allowed to recover for the work performed because the defendants' agent was the one who made the decision to proceed without permits.  According to EMCE, it would be unjust under the circumstances to allow defendants to have the benefit of its labor without proper compensation.[2]  It maintains that it was less culpable than defendants.  It relies on the Pennsylvania Supreme Court's decision in Peyton v. Margiotti, in which Justice Bok wrote:

---

2.  It is questionable whether defendants have received any significant benefit.  Now that it is known that the work was uninspected, it is likely that the City will require defendants either to redo the work or require the defendants to incur significant expense to uncover the electrical work for inspection.

> It is a doctrine so well settled as not to be open to discussion that courts will not aid in the enforcement nor afford relief against the evil consequences, of an illegal or immoral contract .... The general doctrine is subject to a qualification or exception as widely recognized and as thoroughly established as is the rule itself. That exception is that, where the parties are not in equal fault as to the illegal element of the contract, or, to use the phrase of the maxim, are not _in pari delicto_, and where there are elements of public policy more outraged by the conduct of one than the other, then relief in equity may be granted to the less guilty ....

156 A.2d 865, 868 (Pa. 1959) (citation omitted).

In _Peyton_, the court permitted a client to recover money paid to a lawyer under a contingent fee agreement which provided that the fee would be retained only if the Governor ordered the client released from prison by Christmas. The release did not occur until sometime thereafter, and plaintiff sued for return of his money. The Pennsylvania Supreme Court held that an unsophisticated client was less culpable than a member of the bar who was on notice that the contingent fee agreement involved there was illegal.

Here the circumstances are quite different. Even accepting EMCE's version of the facts as true, it clearly is no less at fault than defendants. Unlike the client in _Peyton_, Edward Rost, EMCE's owner, was a sophisticated electrical contractor who was well aware of the need for permits and the dangers of uninspected electrical work. The desire for a lucrative contract is no excuse for agreeing to circumvent the

law and imperil the public safety.  Under the circumstances, EMCE may not obtain the equitable relief it seeks.

Accordingly, the motion of defendants for summary judgment on Counts III and IV of EMCE's amended complaint for unjust enrichment and quantum meruit will be granted.

```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMCE ELECTRICAL, MECHANICAL    :     CIVIL ACTION
& CONSTRUCTION COMPANY, INC.   :
                               :
           v.                  :
                               :
LENNOX APARTMENTS, INC., et al.:     NO. 07-2146
```

ORDER

       AND NOW, this 27th day of May, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

       (1)  the motion of defendants Lennox Apartments, Inc. and Chancellor Properties, Inc. for summary judgment on Counts III and IV of plaintiff's amended complaint is GRANTED; and

       (2)  judgment is entered in favor of defendants Lennox Apartments, Inc. and Chancellor Properties, Inc. and against plaintiff EMCE Electrical, Mechanical & Construction Company, Inc. with respect to Counts III and IV of plaintiff's amended complaint.

                                        BY THE COURT:

                                          /s/ Harvey Bartle III
                                                                 C.J.